Opinion issued June 5, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00786-CV




IN RE ROSSIE L. ALLEN, JR. AND OLLIE FAYE HAGIN, Relators





Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION
           Relators, Rossie L. Allen, Jr. and Ollie Faye Hagin, filed a petition for writ of
mandamus, asking this Court to direct the trial court to vacate its order of May 10, 2002
granting the motion of Sherie Allen Ford, the real party in interest, to disqualify relators’
counsel.


 We conditionally grant the petition. 
BACKGROUND
           Rossie L. Allen, Sr. died intestate in 1985. He was survived by his wife, Lillie B.
Allen, two children, Rossie L. Allen, Jr. and Sherie Allen Ford, and a step-daughter, Ollie
Faye Hagin. In 1990, Lillie Allen, Allen, Jr., and Ford agreed to form the Lillie B. Allen
Family Trust to hold the property in Allen, Sr.’s estate. Lillie Allen, Allen, Jr., and Ford
were the trustors, Lillie Allen was named as trustee, and Allen, Jr., Ford, and Hagin were the
beneficiaries. The trust property consisted primarily of real estate that had been purchased
by Lillie Allen and Allen, Sr. during their marriage. Family members lived on some of the
property, and the rest of the property produced rental income. 
           In 1999, Ford filed an application to compel an accounting by the trustee, to remove
the trustee, and to revoke the family trust. In June 2001, Ford filed an amended application
in which she also sought damages for breach of fiduciary duty and named Allen, Jr. and
Hagin as parties to be joined in the suit. Ford served Allen, Jr. and Hagin with citation, and
Allen, Jr. and Hagin retained U. Lawrence Boze’, the trustee’s attorney, who answered for
each of them on July 24, 2001 with a general denial and the assertion of various affirmative
defenses. 
           On March 28, 2002, Ford filed a motion for disqualification of counsel in which she
contended that the interest of the trustee and that of Allen, Jr. and Hagin, as beneficiaries,
were opposed and that, under rule 1.06(a) of the Texas Disciplinary Rules of Professional
Conduct, Boze’ could not represent the opposing parties. 
           Boze’ filed a verified response stating that he had disclosed to Allen, Jr. and Hagin
the potential for conflict and that they had consented to his representation because they, like
the trustee, disagreed with the contentions of the plaintiff in the amended application. 
Attached to this response were affidavits of Allen, Jr. and Hagin, asserting that they each
supported their mother’s management of the trust, wanted the trust to continue, and were
opposed to the position taken by Ford. Copies of documents relating to the trust were also
attached to the affidavits. The trial court conducted a hearing on the motion to disqualify
and, on May 10, 2002, signed an order granting the motion. 
DISCUSSION
           In their second issue, relators contend that the trial court failed to adhere to the
standard required when considering a motion to disqualify counsel in that the trial court did
not require Ford to establish a violation of a disciplinary rule. 
           Disqualification of a party’s counsel is a severe remedy, and courts must discourage 
use of the motion as a dilatory tactic by adhering to an exacting standard when considering
motions to disqualify. Spears v. Fourth Court of Appeals, 797 S.W.2d 654, 656 (Tex. 1990). 
The burden is on the movant to establish with specificity the violation of one or more of the
disciplinary rules. Id. We review a trial court’s ruling on a motion to disqualify counsel for
abuse of discretion. See In re Meador, 968 S.W.2d 346, 350 (Tex. 1998). A trial court
abuses its discretion when it acts without any reference to guiding rules or principles. Id. at
353. 
           The Texas Supreme Court has repeatedly stated that the disciplinary rules of
professional conduct, although not necessarily controlling, are guidelines to be considered
in deciding disqualification issues. See, e.g., In re Epic Holdings, Inc., 985 S.W.2d 41, 48
(Tex. 1998); Meador, 968 S.W.2d at 350 (and cases cited therein). A court has the power
to disqualify an attorney, even though the attorney has not violated a specific disciplinary
rule, under appropriate circumstances, such as when the attorney violates some duty to a
client or former client. See Nat’l Med. Enters., Inc. v. Godbey, 924 S.W.2d 123, 129 (Tex.
1996) (compelling disqualification for violation of duty to protect co-defendant’s confidences
under joint defense agreement). 
           In her motion for disqualification, Ford asserted “that the interest of Lillie B. Allen
and that of both Rossie Allen, Jr., and Ollie Faye Hagan [sic] are diametrically opposes [sic]
inasmuch as Lillie B. Allen is the Trustee from which Movant herein has sought an
accounting and both Rossie Allen, Jr. and Ollie Faye Hagan are beneficiaries of such Trust.” 
Ford then cited rule 1.06(a) of the Texas Disciplinary Rules of Professional Conduct, which
provides, “A lawyer shall not represent opposing parties to the same litigation.”


 Ford did
not include in her motion any facts to support her contention that the interests of Allen, Jr.
and Hagin were in opposition to the interests of Lillie Allen, nor did Ford present any
supporting facts or evidence at the hearing on the motion. Therefore, the only support for
the trial court’s order disqualifying Boze’ was the mere allegation of opposing interests. 
Such an allegation is not a sufficient basis for disqualification. See Spears, 797 S.W.2d at
656. 
           Relators, on the other hand, contend that subsections (b) and (c) of rule 1.06 apply to
this case. We agree. Subsection (b) provides that a lawyer shall not represent a client whose
interests are or may become materially and directly adverse to the interests of another client
or the interests of the lawyer or the lawyer’s firm. Tex. Disciplinary R. Prof’l Conduct
1.06(b), reprinted in Tex. Gov’t Code Ann. tit. 2, subtit. G app. A, art. 10, § 9 (Vernon
1998) (Tex. State Bar R. art. X, § 9). Subsection (c) provides, 
A lawyer may represent a client in the circumstances described in (b)
if: 
 
(1) the lawyer reasonably believes the representation of each client will
not be materially affected; and 
 
(2) each affected or potentially affected client consents to such
representation after full disclosure of the existence, nature,
implications, and possible adverse consequences of the common
representation and the advantages involved, if any. 

Id. 1.06(c). 
           In his verified response to the motion to disqualify, Boze’ stated that, before he began
to represent Allen, Jr. and Hagin, he “disclosed to each of them the potential for any alleged
conflict between them and Lillie Allen.” He further stated that, after this disclosure, Allen,
Jr. and Hagin each agreed to be represented by him. Boze’ attached the affidavits of Allen,
Jr., Hagin, and Lillie Allen to this response. Allen, Jr. and Hagin each averred that (1) they
disagreed with Ford’s allegations against Lillie Allen and considered them to be
unreasonable and outrageous, (2) they did not consider their position to be diametrically
opposed to the position of Lillie Allen, and (3) Boze’ had explained that there could be a
potential conflict in his representation of them and Lillie Allen in their respective positions
as beneficiaries and trustee of the trust. Allen, Jr. and Hagin each stated that they understood
the disclosure, but told Boze’ that they wanted him to represent them because they strongly
disagreed with Ford’s allegations. Lillie Allen’s affidavit made a similar statement regarding
the disclosures made to her by Boze’ and stated that she had informed Boze’ that she had no
problem with his representing Allen, Jr. and Hagin while he also represented her. 
           The comments to rule 1.06 state, “The term ‘opposing parties’ as used in this Rule
contemplates a situation where a judgment favorable to one of the parties will directly impact
unfavorably upon the other party.” Tex. Disciplinary R. Prof’l Conduct rule 1.06, cmt.
2. Under this definition, Allen, Jr. and Hagin are not necessarily parties opposed to Lillie
Allen because a judgment favorable to Lillie Allen will not necessarily be unfavorable to
Allen, Jr. and Hagin. Although Ford’s amended application does not assert any claims
against Allen, Jr. and Hagin, it was, nevertheless, Ford who brought them into the litigation
and required them to file answers. Those answers show that Allen, Jr. and Hagin are adverse
to Ford and aligned with Lillie Allen. A judgment in favor of Ford would remove Lillie
Allen as trustee and terminate the trust—results that, according to their affidavits, would be
unfavorable to Allen, Jr. and Hagin. In addition, such a judgment could result in a money
judgment against Lillie Allen and in favor of Ford, thus shifting a portion of Lillie Allen’s
assets to Ford rather than retaining them in the trust to be divided among the three
beneficiaries. On the other hand, a judgment favoring Lillie Allen would continue the trust,
and there would be no money judgment against Lillie Allen—a result sought by Allen, Jr. and
Hagin. 
           Comment 17 to rule 1.06 provides that questions of conflict of interest are primarily
the responsibility of the lawyer, but may be raised by the court if it appears that the lawyer
has neglected that responsibility. The comment also provides,
Where the conflict is such as clearly to call in question the fair or
efficient administration of justice, opposing counsel may properly raise the
question. Such an objection should be viewed with great caution, however, for
it can be misused as a technique of harassment. 

Tex. Disciplinary R. Prof’l Conduct 1.06, cmt. 17 (emphasis added). 
           Ford brought her motion under subsection (a) of rule 1.06. She was not complaining
about a conflict between herself and opposing counsel. She was complaining about a
potential conflict in opposing counsel’s representation of multiple parties. In this case, there
were no exceptional circumstances that would cause the case to be governed by subsection
(a).
           Under rule 1.06(b) and (c), Boze’ may represent the trustee and the relators as long
as Boze’ has fully disclosed to them the potential for a conflict and they have consented to
the representation. Boze’s verified response to the motion to disqualify and the attachments
to the response are evidence of the clients’ consent after Boze’s disclosure. We hold that,
under these circumstances, Ford did not carry her burden of showing that Boze’s
representation of the trustee and two of the beneficiaries was not a violation of rule 1.06. 
Accordingly, the trial court acted without any reference to guiding rules and abused its
discretion in granting the motion to disqualify Boze’. 
           We sustain relators’ second issue and, therefore, need not reach their first issue.
           We conditionally grant the petition for writ of mandamus against the trial court. The
writ will issue only if the trial court does not vacate its order granting the motion to
disqualify Boze’ from representing Allen, Jr. and Hagin. 
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Keyes.